IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

SHAWN MARIE SISK                                                                        PLAINTIFF

vs.                                          Civil No. 1:15-cv-01041

CAROLYN COLVIN                                                                       DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Shawn Marie Sisk ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Income Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Susan O. Hickey referred this case to the Honorable Barry A. Bryant for the purpose of making a report and recommendation. The Court, having reviewed the entire transcript and relevant briefing, recommends the ALJ's determination be **AFFIRMED.**

1.    **Background:**

Plaintiff's applications for DIB and SSI were filed on December 10, 2009. (Tr. 13). Plaintiff alleged she was disabled due to bipolar disorder, psoriasis, psoriatic arthritis, anxiety disorder, substance abuse disorder, personality disorder, psychotic disorder, and depression. (Tr. 206). Plaintiff alleged an onset date of November 28, 2008. (Tr. 206). These applications were denied

initially and again upon reconsideration. (Tr. 132-140, 144-149). Thereafter, Plaintiff requested an administrative hearing on her applications and this hearing request was granted. (Tr. 150).

Plaintiff had an administrative hearing on June 6, 2011. (Tr. 31-62). Plaintiff was present and was represented by counsel, Fred Caddell, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Lonnie Current testified at this hearing. *Id.* At the time of this hearing, Plaintiff was thirty-three (33) years old, had graduated from high school and completed two years of college. (Tr. 34-35).

On August 24, 2011, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB and SSI. (Tr. 13-26). In this decision, the ALJ determined the Plaintiff met the insured status requirements of the Act through December 31, 2011. (Tr. 15, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since November 29, 2008. (Tr. 15, Finding 2).

The ALJ determined Plaintiff had the severe impairments of bipolar disorder, borderline personality disorder, and polysubstance abuse in partial remission. (Tr. 15, Finding 3). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 17, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 18-24). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* The ALJ also found Plaintiff retained the RFC to perform the full range of work at all exertional levels; however, due to psychologically based factors, could perform only simple tasks with routine supervision, but could not perform detailed

tasks due to depression and cognitive problems, which are the result of substance abuse. (Tr. 18-19, Finding 5). Additionally, the ALJ found substance abuse was not a contributing factor to Plaintiff's global functioning, but was a contributing factor exacerbating her depression and cognitive functioning, but only so far as those limitations were supported by the RFC. *Id*.

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 24, Finding 6). The ALJ found Plaintiff unable to perform her PRW. *Id*. The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 25, Finding 10). The ALJ based his determination upon the testimony of the VE. *Id*. Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as a housekeeper with approximately 17,000 such jobs in the region and approximately 244,000 in the nation and peeled potato inspector with approximately 3,800 such jobs in the region and approximately 90,000 in the nation. *Id*. Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from November 29, 2008, through the date of the decision. (Tr. 26, Finding 11).

Thereafter, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 7-9). *See* 20 C.F.R. § 404.968. On May 5, 2015, the Appeals Council declined to review this unfavorable decision. (Tr. 1-6). On June 4, 2015, Plaintiff filed the present appeal. ECF No. 1. Both parties have filed appeal briefs. ECF Nos. 13, 14. This case is now ready for decision.

2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3)

4

whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

Plaintiff brings the present appeal claiming the ALJ erred: (A) in the weight given the opinions of Plaintiff's physician, (B) in failing to properly consider Plaintiff's complaints of pain, and (C) in the RFC determination. ECF No. 13, Pgs. 10-18. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 14.

#### A. ALJ's Treatment of Treating Physician Opinions

Social Security Regulations and case law state that a treating physician's opinion will be granted "controlling weight," provided it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." *See* SSR 96-2p; *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000)(citing 20 C.F.R. § 404.1527(d)(2)). An ALJ is required to give good reasons for the particular weight given to a treating physician's evaluation. *See Prosch*, 201 F.3d at 1013 (citing 20 C.F.R § 404.1527(d)(2), and SSR 96-2p). An ALJ may disregard the opinion of a treating physician only where other medical assessments "are supported by better or more thorough medical evidence," or where a treating

5

physician renders inconsistent opinions that undermine the credibility of such opinions. *Id.* at 1013 (quoting *Rogers v. Chater*, 118 F.3d 600, 602 (8th Cir. 1997), and *Cruze v. Chater*, 85 F.3d 1320, 1324-25 (8th Cir. 1996)).

Plaintiff argues the ALJ did not give proper weight to the opinions of Dr. Sridevi Nagumalli. ECF No. 13, Pgs 10-13. Specifically, Plaintiff argues the ALJ failed to give proper weight to the September 13, 2010 Medical Source Statement prepared by Dr. Nagumalli, regarding Plaintiff's mental functional capacity. (Tr. 372-374). However, this court finds the ALJ did give reasons on why he did not give controlling weight and instead gave "little weight" to Dr. Nagumalli's opinion. (Tr. 22).

To begin with, the Medical Source Statement completed by Dr. Nagumalli was a checkbox form regarding Plaintiff's mental functional capacity. (Tr. 372-374). These checkbox forms have little evidentiary value. *See Anderson v. Astrue*, 696 F.3d 790 (8th Cir. 2012); *Holmstrom v. Massanari*, 270 F.3d 715, 721 (8th Cir. 2001).

The ALJ, in his decision, did discuss the opinions of Dr. Nagumalli but found the medical evidence as a whole, including Dr. Nagumalli's treatment notes, did not support his opinion. (Tr. 22). Dr. Nagumalli treated Plaintiff for bipolar disorder and depression. (Tr. 319-320). On November 10, 2008, Dr. Nagumalli indicated Plaintiff was working and her mental impairment was doing better on the medication Seroquel. (Tr. 319). On March 2, 2009, Plaintiff stated her husband got her fired from her job, but her mood was good. (Tr. 318). From May 2009 through November 2009, Dr. Nagumalli noted Plaintiff's mood was good; affect was bright; and she was better and stable. (Tr. 315-318). Dr. Nagumalli's own treatment notes show Plaintiff was doing well and stable on medication.

On February 24, 2010, Dr. Diana Brandmiller conducted a consultative mental status

evaluation on Plaintiff. (Tr. 337-339). Plaintiff indicated her concentration was "pretty good," which is inconsistent with Dr. Nagumalli's opinion. (Tr. 337). Dr. Brandmiller found Plaintiff's abstract thinking and concentration were intact. (Tr. 337-339). Plaintiff also reported to Dr. Brandmiller she had not had any mood swings for the past four or five months. (Tr. 337).

The ALJ committed no error in his treatment of opinions from Dr. Sridevi Nagumalli.

### B. ALJ's Credibility Determination

Plaintiff claims the ALJ erred in his credibility determination. ECF No. 13. In response, Defendant argues the ALJ properly evaluated and discredited Plaintiff's subjective complaints pursuant to the directives of *Polaski*. ECF No. 14.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[1] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these

---

[1] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

five factors and gives several valid reasons for finding the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

Plaintiff argues the ALJ erred in assessing her credibility as it related to the limiting effects of her impairments and did not fully consider her subjective complaints. The Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints of pain in compliance with *Polaski*.

In the present action, this Court finds the ALJ properly addressed and discounted Plaintiff's subjective complaints. In the opinion, the ALJ addressed the factors from *Polaski*, 20 C.F.R. § 404.1529, and 20 C.F.R. § 416.929, and stated inconsistencies between Plaintiff's testimony and the record. (Tr. 18-24). Specifically, the ALJ noted the following: (1) Absence of objective medical findings to support Plaintiff's alleged disabling pain, (2) Plaintiff's described activities of daily living are not limited to any serious degree, (3) Inconsistent statements regarding drug and alcohol use, (4) Inconsistent statements on how she stopped working that do not support being disabled, (5) Plaintiff's non compliance with medical treatment, and (6) Medications controlling Plaintiff's mental

8

impairments. *Id.*

These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be affirmed. *See Lowe,* 226 F.3d at 971-72. Accordingly, the ALJ did not err in discounting Plaintiff complaints of pain.

### **C. RFC**

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff retained the RFC to perform the full range of work at all exertional levels; however, due to psychologically based factors, could perform only

simple tasks with routine supervision, but could not perform detailed tasks due to depression and cognitive problems, which were the result of substance abuse. (Tr. 18-19, Finding 5). Additionally, the ALJ found substance abuse was not a contributing factor to Plaintiff's global functioning, but was a contributing factor exacerbating her depression and cognitive functioning, but only so far as those limitations were supported by the RFC. *Id.*

Plaintiff argues the ALJ erred in this RFC determination because it was not supported by the medical evidence. ECF No. 13, Pgs. 16-18. As mentioned, Plaintiff has the burden of producing documents and evidence to support her claimed RFC. Plaintiff references no medical evidence in support of her argument.

On April 5, 2010, Dr. Wojcieck Dulowski performed a consultative exam of Plaintiff. (Tr. 363-364). Dr. Dulowski indicated Plaintiff's neck, chest, lungs, heart, and abdomen were normal; had good coordination; normal strength in both arms and legs; symmetrical deep tendon reflexes in both arms and legs; intact cranial nerves; and normal motor function (Tr. 363). Dr. Dulowski also found Plaintiff walked normally with good stability; normal grip strength in both hands; and had good gross and fine manipulation. *Id.* Plaintiff also had normal alignment and range of motion of her thoracic, lumbar, and cervical spines; and normal range of motion of all joints. (Tr. 364). This examination report supports the ALJ's finding that Plaintiff could perform a full range of work at all exertional levels.

The ALJ found medications controlled Plaintiff's mental impairments and did not prevent work activity. This was confirmed by Dr. Nagumalli who indicated Plaintiff's mental impairment was stable with medications. (Tr. 315-317, 367, 380). The ALJ also relied on the findings of Dr. Brandmiller in making an RFC determination. Dr. Diana Brandmiller conducted a consultative mental status evaluation on Plaintiff. (Tr. 337-339). In this exam, Plaintiff indicated her

concentration was "pretty good." (Tr. 337). Dr. Brandmiller found Plaintiff's abstract thinking and concentration were intact, she had not had any mood swings for the past four or five months. (Tr. 337-339).

The ALJ also relied on the findings of Dr. Sally Varghese who reviewed the medical record and completed a Mental RFC Assessment and Psychiatric Review Technique Form. (Tr. 341-358). Dr. Varghese diagnosed Plaintiff with affective disorder, personality disorder, and substance addiction disorder. (Tr. 345). After reviewing Plaintiff's medical records, Dr. Varghese assessed Plaintiff's mental functional capacity and indicated Plaintiff could perform simple tasks with routine supervision; could not perform detailed tasks due to depression and cognitive problems due to substance abuse; could relate superficially for work purposes; could relate to the public in an incidental manner; and could adapt to a work situation. (Tr. 343).

As shown by the above medical evidence, substantial evidence supports the ALJ's RFC determination finding Plaintiff capable of performing the full range of work at all levels with some nonexertional limitations. Plaintiff has the burden of establishing her claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met her burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence in the record. This Court recommends that the ALJ's decision be affirmed.

**The parties have fourteen (14) days from receipt of this Report and Recommendation**

in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**ENTERED** this **29th day of April 2016.**

>             /s/   Barry A. Bryant
> HON. BARRY A. BRYANT
> U. S. MAGISTRATE JUDGE